UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10199 CAS (PJWx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS INC V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| M. Salcido | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers:) Defendant's Motion for Default Judgment Against Third-Party Defendant (Docket #29, filed 8/1/2013)

(In Chambers:) Third-Party Defendant's Motion to Set Aside Clerk's Entry of Default (Docket # 30, filed 8/30/2013)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 23, 2013, is hereby vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION AND BACKGROUND**

On October 17, 2012, plaintiff Premiere Radio Networks, Inc. ("Premiere") filed this action against defendant Hillshire Brands Company ("Hillshire") in Los Angeles County Superior Court. Plaintiff alleges claims for breach of contract, quantum meruit, and open book account. On November 29, 2012, Hillshire removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441. Dkt 1. Subsequently, on January 18, 2013, Hillshire filed a third-party complaint against third-party defendant International Marketing and Global Event Sponsorship, Inc. ("Images USA"). Dkt. 18.

In brief, Premiere alleges that it contracted to provide advertising and media services to Hillshire, but was never paid for those services. Hillshire, in turn, claims that the advertising provided by Premiere was arranged by third-party defendant Images USA, pursuant to a separate contract between Hillshire and Images USA. In Hillshire's view, it has already paid Images USA for Premiere's advertising services, and it is now Images

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10199 CAS (PJWx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS INC V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

USA's responsibility to pay that amount to Premiere. Hillshire further claims that Images USA agreed in its contract with Hillshire to fully indemnify Hillshire from any third-party claims.

Images USA failed to answer the third-party complaint and on June 18, 2013, the Clerk of the Court entered default against it. Dkt. 27. Hillshire then moved for default judgment against Images USA on August 1, 2013. On August 30, 2013, Images USA filed an opposition to Hillshire's motion for default judgment and simultaneously moved to vacate the entry of default. Dkt. 30, 31. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three factors when evaluating whether "good cause" is present: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:11 (The Rutter Group 2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). Nonetheless, it is the defaulting party's burden to demonstrate that a default judgment should be vacated. TCI Group Life Ins. Plan, 244 F.3d at 696.

## III.   DISCUSSION

### A.   Whether Images USA's Culpable Conduct Led to the Default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10199 CAS (PJWx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS INC V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of an action and intentionally failed to answer." TCI Group Life Ins. Plan, 244 F.3d at 697. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily . . . culpable or inexcusable." Id. at 697-98.

Images USA explains that it did not answer the third-party complaint because it was never served with the third-party complaint. In support of this explanation, Images USA submits declarations from its Chief Executive Officer Robert McNeil Jr. and Chief Operating Officer John Lockyer. In these declarations, McNeil and Lockyer state that they have no recollection of ever being personally served with the third-party complaint, that Images USA staff would notify either or both of them of any service of process, and that Images USA's business files contain no record of any service of process from Hillshire. Although Hillshire's proof of service states that Lockyer was served on January, 29, 2013, Dkt. 20, Images USA contends that it only became aware of the third-party complaint when Hillshire sought to meet and confer regarding its intent to seek an entry of default.

The Court concludes that Images USA has adequately demonstrated that there was no culpable conduct on its part. There is no evidence here that Images USA intentionally failed to respond in order to interfere with the opposing party or manipulate the legal process. See TCI Group Life Ins. Plan, 244 F.3d at 697. Instead, Images USA has credibly argued that it never received notice of the third-party complaint. Even if this lack of notice was due to Images USA's own negligence, this, in and of itself, would be insufficient to demonstrate culpable conduct. See id.

### B. Whether Images USA has a Meritorious Defenses

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI Group Life Ins. Plan, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10199 CAS (PJWx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS INC V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010).

Here, Images USA asserts that it did not agree to pay Premiere for advertising services on behalf of Hillshire. Instead, Images USA "contends that it acted merely as a broker for Hillshire in Hillshire's relationship with Premiere, and the facts of this case do not require [Images USA] to indemnify Hillshire for Hillshire's own failure to make payment to Premiere for the advertising services Premiere provided to Hillshire." Opp. 8. As discussed above, the Court need not decide the merits of these allegations. At this stage, it is enough that Images USA's allegations, if true, would be a defense to Hillshire's claims that Images USA agreed pay Premiere on behalf of Hillshire. As such, the Court finds that Images USA has satisfied the "meritorious defense" prong of the TCI Group test for vacating defaults.

### C. Whether Reopening the Default Would Prejudice Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [Hillshire's] ability to pursue his claim will be hindered." TCI Group Life Ins. Plan, 244 F.3d at 701. In particular, Hillshire is not prejudiced simply because it is deprived of a "quick victory" and must litigate its claims against Images USA on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000).

The Court can discern no reason why reopening this case would prejudice Hillshire. The third-party complaint against Images USA has been pending for less than a year, and the Court has already twice ordered Hillshire to show cause why their case against Images USA should not be dismissed for lack of prosecution. Dkt. 23, 28. Given Hillshire's failure to prosecute, it is unlikely that further litigation will "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." TCI Grp. Life Ins. Plan, 244 F.3d at 701. Accordingly, the Court finds that reopening the default would not prejudice Hillshire.

### IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10199 CAS (PJWx) | Date | September 17, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS INC V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

For the foregoing reasons, the Court GRANTS Images USA's motion to set aside the clerk's entry of default. Hillshire's motion for default judgment is accordingly DENIED as moot. Images USA shall answer or otherwise respond on or before September 30, 2013.

IT IS SO ORDERED

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | | MS |