UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10199 CAS (PJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS, INC. V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Lisa Gonzalez | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Allan Herzlich | Darth Vaugh |
| | Attorneys Present for Third Party Defendants |
| | Keith Barnett |

Proceedings: THIRD-PARTY DEFENDANT INTERNATIONAL MARKETING AND GLOBAL EVENT SPONSORSHIP, INC.'S MOTION TO DISMISS (dkt. 34, filed September 30, 2013)

## I.     INTRODUCTION AND BACKGROUND

On October 17, 2012, plaintiff Premiere Radio Networks, Inc. ("Premiere") filed this action against defendant Hillshire Brands Company ("Hillshire") in Los Angeles County Superior Court. Plaintiff asserts claims for breach of contract, quantum meruit, and open book account. On November 29, 2012, Hillshire removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441. Dkt 1. Subsequently, on January 18, 2013, Hillshire filed a third-party complaint ("TPC") against third-party defendant International Marketing and Global Event Sponsorship, Inc. ("Images USA"). Dkt. 18. Hillshire's third-party complaint asserts claims for implied/equitable indemnity, contractual indemnity, breach of contract, and declaratory relief.

In brief, Premiere alleges that it contracted to provide advertising and media services to Hillshire, but was never paid for those services. Hillshire, in turn, claims that the advertising provided by Premiere was arranged by third-party defendant Images USA, pursuant to a separate contract between Hillshire and Images USA (the "Agreement"). In Hillshire's view, it has already paid Images USA for Premiere's advertising services, and it is now Images USA's responsibility to pay that amount to Premiere. Hillshire further claims that Images USA agreed to fully indemnify Hillshire from any third-party claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 12-10199 CAS (PJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS, INC. V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

On September 30, 2013, third-party defendant Images USA filed a motion to dismiss the third-party complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). On October 14, 2013, defendant Hillshire filed its opposition, and on October 21, 2013, Images USA replied. On November 4, 2013, the Court held a hearing. After considering the parties arguments, the Court finds and concludes as follow.

## II.   LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss or transfer a complaint for improper venue. When deciding a Rule 12(b)(3) motion, unlike a Rule 12(b)(6) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). To prevail on the 12(b)(3) motion, the plaintiff only needs to make a prima facie showing of proper venue.

"A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3); pleadings need not be accepted as true, and facts outside the pleadings may be considered." Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). However, the trial court "must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2003). The interpretation and enforcement of a forum selection clause is governed by federal law. Id.

## III.   DISCUSSION

The Court begins with Images USA's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3). Images USA contends that this case is governed by a forum selection clause contained in the Agreement. This forum selection clause provides that:

> Each party irrevocably agrees that any legal action, suit, or proceeding brought by it in any way arising out of this Agreement must be brought solely and exclusively in, and will be subject to the service of process and other applicable procedural rules of, the state or Federal courts located in the Northern District of Illinois, and each party irrevocably submits to the sole and exclusive personal jurisdiction of

Case 2:12-cv-10199-CAS-PJW   Document 37   Filed 11/04/13   Page 3 of 5   Page ID #:460

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**                                              O

| Case No. | CV 12-10199 CAS (PJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS, INC. V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

> the state and Federal courts located in the Northern District of Illinois, generally and unconditionally, with respect to any action, suit, or proceeding brought by it or against it by the other party. Notwithstanding the foregoing, claims for equitable relief may be brought in any court with proper jurisdiction within the United States.

TPC Ex. B ¶ 13.1. Images USA argues that the TPC is a "legal action, suit or proceeding . . . arising out of [the] agreement." Accordingly, Images USA reasons, the TPC falls within the forum selection clause, and Hillshire therefore must pursue its claims for indemnification in the Northern District of Illinois.

The Court agrees. The gravamen of the TPC is that the Agreement holds Images USA responsible for paying Premiere. See, e.g., TPC ¶ 15 ("[T]he payment Premiere now seeks is Images' contractual responsibility."). The Court therefore concludes that the TPC "aris[es]" out of the contract between Hillshire and Images USA, and is thus governed by the forum selection clause.

Furthermore, "[b]ecause forum selection clauses are presumptively valid, they should be honored 'absent some compelling and countervailing reason.'" Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)). The Ninth Circuit has identified three "compelling" reasons that would permit a court to disregard a forum selection clause: "(1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Id. (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)).

None of these three circumstances applies here. First, there is no indication that the forum selection clause was the "product of fraud or overreaching." Both Hillshire and Images USA are sophisticated parties represented by counsel. Hillshire in fact contends that the forum selection clause was included in the contract for its benefit. Second, enforcing the clause would not deprive Hillshire of its day in court—Hillshire may pursue its claims for indemnification in the Northern District of Illinois. Third, Hillshire has not pointed to any strong public policy of California that would militate against enforcement of the forum selection clause. Accordingly, because the TPC is governed by the forum selection clause, and the forum selection clause should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                                    O

| Case No. | CV 12-10199 CAS (PJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS, INC. V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

enforced, the Court concludes that the TPC should be dismissed on the basis of improper venue.[1]

      Hillshire's counterarguments are unavailing. First, Hillshire argues that its claim for declaratory relief does not fall within the forum selection clause because declaratory relief sounds in equity.[2] Because the forum selection clause provides that "claims for equitable relief may be brought in any court with proper jurisdiction within the United States," Hillshire argues that venue is proper as to its claim for declaratory relief. TPC Ex. B ¶ 13.1.

      The Court finds this argument unpersuasive. Hillshire's claim for declaratory relief seeks "a judicial determination of its rights under the Agreement." In other words, Hillshire is asking this Court to determine that the Agreement holds Images USA responsible for paying Premiere. Because Hillshire's claim for declaratory relief replicates its claims for indemnification and breach of contract, the Court finds that the declaratory relief claim does not fall within the forum selection clause's exception for equitable relief. If it did, both Images USA or Hillshire could always evade the forum selection clause by styling their contractual claims as claims for declaratory relief. See, e.g., United States v. 1.377 Acres of Land, More or Less, situated in City of San Diego, Cnty. of San Diego, State of Cal., 352 F.3d 1259, 1265 (9th Cir. 2003) ("Courts interpreting the language of contracts 'should give effect to every provision,' and 'an interpretation which renders part of the instrument to be surplusage should be avoided.'"); Veoh Networks, Inc. v. UMG Recordings, Inc., 522 F. Supp. 2d 1265, 1271

---

[1] In light of this conclusion, the Court declines to address Images USA's argument that the TPC should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

[2] Hillshire also asserts a claim for equitable indemnification, alleging that "Images and Hillshire entered an agreement and that Images, as the indemnitor, breached its duty to Hillshire to properly perform its contractual responsibilities." Opp. 13. Accordingly, although styled as a claim for equitable indemnification, this claim sounds in contract, and is thus governed by the forum selection clause. See, e.g., Pugh v. Doctors Med. Ctr., 2009 WL 2058366 (N.D. Cal. July 15, 2009) (explaining that "implied contractual indemnity is a form of equitable indemnity" and that "[t]he right to implied contractual indemnity is predicated on the indemnitor's breach of contract").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10199 CAS (PJWx) | Date | November 4, 2013 |
|---|---|---|---|
| Title | PREMIERE RADIO NETWORKS, INC. V. THE HILLSHIRE BRANDS COMPANY ET AL. | | |

(S.D. Cal. 2007) ("A court can also decline jurisdiction if it appears that the declaratory relief suit was filed for an improper tactical purpose.").

Second, Hillshire contends that the forum selection clause was drafted for its benefit, and it is therefore entitled to waive the clause. Hillshire produces no support for its contention that the forum selection clause was drafted for its benefit beyond the fact that Hillshire is based in the Northern District of Illinois and Images USA is based in Georgia. However, although the forum selection clause requires Images USA to litigate outside its home district, the clause still benefits Images USA by "dispelling any confusion about where suits arising from the contract must be brought and defended." Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594 (1991). Because the clause benefits both parties, Hillshire may not unilaterally waive it.

Lastly, Hillshire argues that requiring it to bring a separate indemnification suit in the Northern District of Illinois would unnecessarily multiply litigation. See, e.g., Sw. Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) (noting that the purpose of third-party impleader is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim"). Whatever the merits of this contention, considerations of judicial economy alone do not permit this Court to ignore a "presumptively valid" forum selection clause. Murphy, 362 F.3d at 1140.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Images USA's motion to dismiss the TPC pursuant to Fed. R. Civ. P. 12(b)(3).

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |